UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

NATIONAL JEWISH DEMOCRATIC
COUNCIL et al.,
                           Plaintiffs,

                  -v-

SHELDON G. ADELSON,
                           Defendant.

18-CV-8787 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

      Defendant Sheldon G. Adelson moves this Court to reconsider the Opinion and Order entered on September 30, 2019 (Dkt. No. 40), in which the Court denied Adelson's special motion to dismiss under Nevada law. The motion for reconsideration is denied.

      Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011). It will "generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995).

      Adelson first attacks the Opinion and Order for "overlooking" the Court's prior decision in *Adelson v. Harris*, 973 F. Supp. 2d 467 (S.D.N.Y. 2013). In *Adelson v. Harris*, the Court dismissed a defamation suit brought by Adelson under Nevada's anti-SLAPP statute. *See id.* at 504. In doing so, the Court first concluded that the allegedly defamatory speech was a protected "good faith" communication — i.e., a statement made truthfully or without knowledge of falsity — because Adelson "failed to plead that Defendants acted *with* knowledge of falsehood." *Id.* at 501–02 (emphasis added). Given Adelson's failure to plead knowledge of falsity, the

1

Court determined there was no "genuine issue of material fact on the issue of good faith" and concluded the communications were protected good-faith conduct "as a matter of law." *Id.* at 501.

By contrast, the Court in this case denied anti-SLAPP dismissal because Adelson failed to demonstrate that his defamation lawsuit was a protected good-faith communication. Although Plaintiffs in this case also failed to plead that the underlying conduct — Adelson's defamation lawsuit — was brought with knowledge of falsity, the Court nonetheless concluded that Adelson, under Nevada law, bore the initial burden of production on the issue. (Dkt. No. 40 at 21.) Because Adelson produced no "evidence whatsoever . . . that the allegations in his initial lawsuit were truthful or brought without knowledge of their falsehood," the Court denied protection under Nevada's anti-SLAPP statute. (*Id.*)

Adelson descries an inconsistency. But these holdings are easily reconciled. At the time of *Adelson v. Harris*, the Nevada statute provided only that the special motion to dismiss was to be "[t]reat[ed] . . . as a motion for summary judgment." Nev. Rev. Stat. § 41.660(3)(a) (2013). Accordingly, the Court in *Adelson v. Harris* properly applied the summary-judgment standard to conclude that Adelson "fail[ed] to demonstrate a genuine issue of material fact on the issue of good faith." 973 F. Supp. 2d at 503. In 2013, however, the Nevada legislature "removed the language likening an anti-SLAPP motion to dismiss to a motion for summary judgment and set forth a specific burden-shifting framework." *Coker v. Sassone*, 432 P.3d 746, 748 (Nev. 2019).[1] Under that framework, it is now the movant's initial burden to "establish[], by a preponderance of the evidence, that the claim is based upon a good faith communication." Nev. Rev. Stat.

---

[1] The burden-shifting anti-SLAPP framework applies in "actions where the proceedings" — like this one — "were initiated [after] the [2013] legislative change." *Coker v. Sassone*, 432 P.3d 746, 749 n.2 (Nev. 2019).

2

§ 41.660(3)(a) (2019). In this case, Adelson submitted no evidence whatsoever on the issue. Accordingly, Adelson failed to meet his burden, as required by the post-2013 statute, and his anti-SLAPP motion was properly denied.[2]

Adelson also attacks the Opinion and Order for declining to apply the *Noerr-Pennington* doctrine and reading an "objective baselessness" requirement into the anti-SLAPP damages provision. The *Noerr-Pennington* doctrine, Adelson argues, "certainly applies to . . . the Nevada anti-SLAPP statute . . . [as] [t]he Court . . . held in *Adelson* [*v. Harris*]." (Dkt. No. 49 at 8.) It is indeed true that *Adelson v. Harris* relied in part on the *Noerr-Pennington* line of cases to interpret an ambiguous provision of Nevada's anti-SLAPP law. *See* 973 F. Supp. 2d at 498–99. The interpretive issue in this case, however, is poles apart. The Supreme Court has expressly cautioned that *Noerr-Pennington*'s "objective baselessness" requirement applies only if the standard "finds . . . roots in the text of the [statute]." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 556 (2014). The "objective baselessness" standard has no application when the "text is patently clear." *Id.* at 553. And here, the text is patently clear: it imposes "one and only one constraint on district courts' discretion" to award anti-SLAPP

---

[2] Adelson now seeks to meet his burden by submitting a declaration from L. Lin Wood, counsel of record for Adelson in the initial defamation suit, that attests the suit was brought without knowledge of falsehood. (Dkt. No. 49 at 6–7.) But a movant seeking reconsideration "may not 'advance new facts, issues or arguments not previously presented to the Court.'" *Drapkin v. Mafco Consol. Grp, Inc.*, 818 F. Supp. 2d 678, 696 (S.D.N.Y. 2011) (quoting *Christoforou v. Cadman Plaza N., Inc.*, No. 04-CV-8403, 2009 WL 723003, at *7 (S.D.N.Y. Mar. 19, 2009)).

Further, as Plaintiffs correctly note, even if Adelson were deemed to have met his initial burden, he would still be disentitled to dismissal. The burden would then shift to Plaintiffs to demonstrate "a probability of prevailing on the claim." Nev. Rev. Stat. § 41.660(3)(b). And because the sole precondition to prevailing on the claim for compensatory damages is the district court's grant of a special motion to dismiss, Plaintiffs would be able to do so.

damages. *Id.* Thus, it would make "little sense" to import the "objective baselessness" standard into the anti-SLAPP statute. *Id.* at 556.

Adelson's motion for reconsideration is DENIED. The Clerk of Court is directed to terminate the motion at Docket Number 48.

SO ORDERED.

Dated: December 18, 2019
New York, New York

_____
J. PAUL OETKEN
United States District Judge