IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

NATIONAL JEWISH DEMOCRATIC
COUNCIL, MARC R. STANLEY, and DAVID
HARRIS,

        *Plaintiffs*,

v.

SHELDON G. ADELSON,

        *Defendant*.

Case No. 1:18-cv-8787

**DEFENDANT SHELDON G. ADELSON'S COMBINED MEMORANDUM OF
LAW IN SUPPORT OF HIS RULE 12(B)(6) AND HIS SPECIAL MOTIONS
TO DISMISS THE SECOND AMENDED COMPLAINT**

Michael A. Carvin
(*pro hac vice forthcoming*)
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
(202) 879-3939
macarvin@jonesday.com

Lee A. Armstrong
   *Counsel of Record*
James M. Gross
JONES DAY
250 Vesey Street
New York, NY 10281
(212) 326-3939
laarmstrong@jonesday.com
jgross@jonesday.com

*Counsel for Sheldon G. Adelson*

As this Court is well aware, Mr. Adelson previously filed two motions to dismiss the Amended Complaint filed by Plaintiffs National Jewish Democratic Council ("NJDC") and Marc Stanley: a motion to dismiss the Amended Complaint for failure to state a claim under Rule 12(b)(6) (ECF 16) and a special motion to dismiss the Amended Complaint under Nevada's anti-SLAPP Statute (ECF 27). This Court denied both of those motions in its Opinion and Order dated September 30, 2019 (ECF 40), and also denied Mr. Adelson's motion for reconsideration of that Opinion and Order (ECF 62).

Since those rulings, Plaintiffs have filed a Second Amended Complaint in which they add David Harris as an additional plaintiff to this litigation. (ECF 63). In response to that Second Amended Complaint, Mr. Adelson now moves to dismiss Plaintiffs' lawsuit under Nevada's anti-SLAPP statute as well as under Rule 12(b)(6) for failure to state a claim.

### A. Plaintiffs' Lawsuit Must Be Dismissed Because It Is Based Upon A Good Faith Communication That Is Protected By Nevada Law and the First Amendment

First, Mr. Adelson moves to dismiss the Second Amended Complaint because under Nevada law, Plaintiffs' claims are based upon a "good faith communication" (Mr. Adelson's original complaint) that was "truthful or made without knowledge of its falsehood." In doing so, Mr. Adelson incorporates by reference all of the arguments he raised in his prior briefing in support of his special motion to dismiss NJDC's and Mr. Stanley's Amended Complaint under Nevada's anti-SLAPP statute. (ECF 27, 28, 30, 48, 49, 56).

This Court rejected Mr. Adelson's prior special motion to dismiss on the grounds that Mr. Adelson "has not provided any evidence whatsoever—'written or oral, by witnesses or affidavits,' [Nev. Rev. Stat.] § 41.660(d)—that the allegations in his initial lawsuit were truthful or brought without knowledge of falsehood," ECF 40 at 21, despite the fact that even this Court recognized

1

that Plaintiffs NJDC and Mr. Stanley "failed to plead that the underlying conduct—Adelson's defamation lawsuit—was brought with knowledge of falsity," ECF 62 at 2. While Mr. Adelson respects this Court's decision, he continues to disagree with it and preserves all of his appellate rights on this issue.

Nonetheless, to ensure there can be no question as to whether Mr. Adelson's underlying lawsuit constitutes a "good faith" communication that is protected by Nevada's anti-SLAPP law, attached as Exhibit A is a declaration from Mr. L. Lin Wood, Mr. Adelson's counsel of record in the underlying lawsuit. As Mr. Wood avers therein, Mr. Adelson's "Complaint was filed in accordance with Federal Rule of Civil Procedure 11" and therefore "the factual allegations in the Complaint were 'truthful or . . . made without knowledge of its falsehood." Ex. A ¶ 3. Mr. Adelson has thus "established, by a preponderance of the evidence, that [Plaintiffs'] claim is based upon a good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern." Nev. Rev. Stat. § 41.660(3)(a).

Having met that burden, Plaintiffs' lawsuit must be dismissed unless they "demonstrate with prima facie evidence a probability of prevailing on the claim." Nev. Rev. Stat. § 41.660(3)(b). While this Court suggested in its Order denying Mr. Adelson's motion for reconsideration that Plaintiffs NJDC and Mr. Stanley could meet that burden "because the sole precondition to prevailing on the claim for compensatory damages is the district court's grant of a special motion to dismiss," ECF 62 at 3 n.2, that interpretation both renders the "good faith communication" provision a nullity and the statute unconstitutional.

As an initial matter, this Court's interpretation renders the provision of the anti-SLAPP statute requiring dismissal of claims based upon "good faith communications" utterly meaningless

in two respects. First, under that interpretation, no protection at all is given to "good faith communications"—completely eliminating the statutorily guaranteed protection for those communications. If a SLAPPback plaintiff automatically satisfies his obligation of "demonstrat[ing] with prima facie evidence a probability of prevailing on the claim" because he prevailed in the original lawsuit, then the defendant speaker faces the same liability regardless whether his challenged communication was made in good-faith and was truthful, or was a deceitful sham lawsuit based on knowing falsehoods. In other words, it would be irrelevant whether the complaint in the initial lawsuit was true or replete with knowing falsehoods because in either case, the SLAPPback plaintiff will prevail since the sole consideration is whether the original lawsuit was dismissed.

Statutory provisions, of course, should not be interpreted to be nullities. *E.g.*, *Trichilo v. Sec'y of Health & Human Servs.*, 823 F.2d 702, 706 (2d Cir. 1987) ("[W]e will not interpret a statute so that some of its terms are rendered a nullity."). Here specifically, it would have been absurd for the Nevada legislature to give specific protections to "good faith communications" and to specify specific burdens that must be met to avoid dismissal of suits challenging good faith communications, if both of those provisions were entirely beside the point because no showing of "good faith" could ever prevent the plaintiff from prevailing. (Obviously, the prima facie rebuttal mechanism in the statute was designed to discern whether the plaintiff could prevail on a legal theory *even if* the communication was made in good faith—i.e., the communication contained no "knowing falsehoods" but "recklessly disregarded" the truth of the assertion, such that the speaker could still be held liable for defamation. *See, e.g.*, *Rosen v. Tarkanian*, -- P.3d --, 2019 WL 6792661, at *2 (Nev. Dec. 12, 2019) (granting special anti-SLAPP motion to dismiss when plaintiff failed to "prove that [defendant] made her statements with reckless disregard for their truth," and thus could not meet his burden of "show[ing] a probability of proving actual malice in this case").) Yet

that is what the result would be under this Court's interpretation: even if the defendant could show that he had made a protected "good faith communication" that was "truthful or . . . made without knowledge of its falsehood," his special motion to dismiss would always be denied.

This Court's interpretation also renders a portion of the Nevada anti-SLAPP statue a nullity in a second way: it would remove the immunity afforded by the Nevada legislature to "good faith communications" when that good faith communication is a lawsuit. To hold that SLAPPback plaintiffs like NJDC, Mr. Stanley, and Mr. Harris can meet their burden of proof on a special motion to dismiss like the one filed by Mr. Adelson simply by virtue of having prevailed on a special motion to dismiss in a prior lawsuit necessarily means that a SLAPPback defendant can *never* prevail on a special motion to dismiss filed in response to a SLAPPback lawsuit. As Mr. Adelson has detailed at length, however, nothing in the Nevada statute precludes a defendant from invoking the immunity provided to him under Nevada law simply because his prior lawsuit was dismissed under Nevada's anti-SLAPP law. Indeed, as the California Supreme Court has recognized when interpreting California's similar anti-SLAPP statute, "[h]ad the legislature intended to create a categorical rule exempting all SLAPPbacks from the anti-SLAPP statute, it could have done so." *Soukup v. Law Offices of Herbert Hafif*, 139 P.3d 30, 45 (Cal. 2006); *see also Coker v. Sassone*, 432 P.3d 746, 749 (Nev. 2019) (reiterating that "[t]his court has repeatedly recognized the similarities between California's and Nevada's anti-SLAPP statutes, routinely looking to California courts for guidance in this area" and collecting cases). The Nevada legislature included no such carve-out in its statute, instead requiring only that Mr. Adelson establish that Plaintiffs' lawsuit seeks to hold him liable for making a "good faith communication" that was "truthful or made without knowledge of its falsehood"—requirements that Mr. Adelson undoubtedly satisfies here.

4

Moreover, to interpret the Nevada anti-SLAPP statute such that its protections for "good faith communications" do not extend to prior lawsuits (and the pleadings filed therein) renders that statute violative of the First and Fourteenth Amendments. Permitting Plaintiffs to recover compensatory and punitive damages against a prior lawsuit that is a "good faith communication," as the Court's interpretation would do, clearly violates the First Amendment under *Noerr-Pennington*. As Mr. Adelson has argued previously (and thus which he will not repeat in full here), the First and Fourteenth Amendments to the Federal Constitution prohibit a state from subjecting litigants to civil liability for an "objectively reasonable effort to litigate." *Prof'l Real Estate Invs., Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 57 (1993). Accordingly, courts have invoked the principle of constitutional avoidance to read an immunity for objectively reasonably efforts to litigate even when the statute is otherwise silent—as was the case in the Sherman Antitrust Act at issue in the *Noerr-Pennington* line of cases.

In denying Mr. Adelson's prior special motion to dismiss, this Court noted "that *Noerr-Pennington*'s 'objective baselessness' requirement applies only if the standard 'finds roots in the text of the statute." ECF 62 at 3 (internal quotation marks and alternations omitted). That is clearly the case here: unlike the Sherman Act at issue in *Noerr-Pennington* (which makes no mention of protections afforded to good-faith communications), the Nevada anti-SLAPP expressly embodies *Noerr-Pennington* by explicitly protecting "good faith communications"—as even this Court recognized in *Adelson I*. *Adelson v. Harris*, 973 F. Supp. 2d 467, 498 (S.D.N.Y. 2013) (noting that the Nevada Supreme Court "compared the Nevada Anti-SLAPP statute's purpose to that of the federal *Noerr-Pennington* doctrine" and holding that "the anti-SLAPP statute, like *Noerr-Pennington*, protects only *good-faith communications*"). Indeed, if anything, the textual support for applying the *Noerr-Pennington* doctrine here is far greater than it was in *Noerr-Pennington* itself, as

5

the statute at issue there (the Sherman Act) is entirely silent on the protections afforded to good-faith communications. Accordingly, the First and Fourteenth Amendment principles crystallized in *Noerr-Pennington* demand that Nevada's anti-SLAPP statute must be read to punish only objectively baseless lawsuits, and therefore does not reach Mr. Adelson's good-faith lawsuit at issue here.

In any event, even setting aside the foregoing, Plaintiffs have not "demonstrated with prima facie evidence a probability of prevailing on the claim." Nev. Rev. Stat. § 41.660(3)(b). As this Court recognized at the December 12, 2019 conference, to be entitled to compensatory damages here, Plaintiffs must establish that their purported injuries were actually caused by Mr. Adelson's good-faith communication. 12/12/19 Hr'g Tr. at 11:15. Thus, to avoid dismissal under even this Court's interpretation, Plaintiffs are now obligated to present evidence establishing such causation. However, apart from self-serving statements, Plaintiffs have yet to produce *any* evidence, let alone prima facie evidence sufficient to meet their burden, establishing that they will ultimately be able to prevail on their damages claim.

## B.     Plaintiffs' Lawsuit Must Be Dismissed Under Rule 12(b)(6)

Mr. Adelson also previously moved to dismiss Plaintiffs NJDC's and Mr. Stanley's Amended Complaint under Rule 12(b)(6), arguing, *inter alia*, that (1) applying Nevada's anti-SLAPP statute here would violate the Supremacy Clause, (2) the Nevada statute invoked by Plaintiffs is inapplicable under New York's choice-of-law rules, and (3) Plaintiffs in all events fail to state a claim under Nev. Rev. Stat. § 41.670. Mr. Adelson reincorporates all of those arguments as if set out in full here. While Mr. Adelson understands and respects this Court's September 30, 2019 Opinion and Order rejecting those arguments, he is re-making them here so as to ensure that those rulings apply with equal force to Mr. Harris's newly added claim, and thus are properly preserved for appeal against all Plaintiffs.

## CONCLUSION

For the foregoing reasons, this Court should grant Mr. Adelson's motion to dismiss.  In the alternative, if the Court concludes that Nevada law governs Plaintiffs' claim, the court should grant the special motion to dismiss the complaint in accordance with Nevada's anti-SLAPP statute.  The Court should also award Mr. Adelson his reasonable costs and attorney's fees.


Dated:   January 3, 2020                                                  Respectfully submitted,

/s/ Lee A. Armstrong

Michael A. Carvin                                                              Lee A. Armstrong
(*pro hac vice forthcoming*)                                            *Counsel of Record*
JONES DAY                                                                       James M. Gross
51 Louisiana Avenue, NW                                                JONES DAY
Washington, DC 20001                                                    250 Vesey Street
(202) 879-3939                                                                  New York, NY 10281
macarvin@jonesday.com                                                (212) 326-3939
                                                                                         laarmstrong@jonesday.com
                                                                                         jgross@jonesday.com

*Counsel for Defendant Sheldon G. Adelson*

## CERTIFICATE OF SERVICE

I certify that on January 3, 2020, I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all registered parties.

Dated:   January 3, 2020 /s/ Lee A. Armstrong
Lee A. Armstrong
*Counsel for Sheldon G. Adelson*