UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NATIONAL JEWISH DEMOCRATIC
COUNCIL et al.,

                                    Plaintiffs,                                    18-CV-8787 (JPO)

                    -v-                                                                   ORDER

SHELDON G. ADELSON,
                                    Defendant.

---

J. PAUL OETKEN, District Judge:

Before this Court is Plaintiffs' motion for an award of costs and attorney's fees *pendente lite*. (Dkt. No. 57.)  For the reasons that follow, the motion is denied.

The availability of an interim award of costs is governed by Federal Rule of Civil Procedure 54(d), which provides that "costs . . . should be allowed to the prevailing party."[1]  The phrase "prevailing party" is a term of art: "to qualify as a prevailing party, a . . . plaintiff must obtain an enforceable judgment against the defendant . . . or comparable relief through a consent decree or settlement."  *Farrar v. Hobby*, 506 U.S. 103, 111 (1992).[2]  A litigant may qualify as a "prevailing party" *pendente lite*, but the litigant must have "receive[d] at least some *relief* on the merits of h[er] claim before [s]he can be said to prevail."  *Hewitt v. Helms*, 482 U.S. 755, 760 (1987) (emphasis added).  "[E]ven an award of nominal damages suffices under this test."

---

[1] "The award of costs is governed by federal law."  10 Charles Alan Wright et al., Federal Practice & Procedure § 2669, at 259 (4th ed. 2014); *accord Conte v. Flota Mercante Del Estado*, 277 F.2d 664, 672 (2d Cir. 1960) ("[A] court will tax ordinary court costs in accordance with its own practice rather than that of the state where the claim arose.").

[2] *Farrar* concerned the interpretation of "prevailing party" in a fee-shifting statute, not Rule 54(d)'s cost-shifting provision.  But "a litigant who is a prevailing party for purposes of attorney's fees is also the prevailing party for purposes of costs."  *Dattner v. Conagra Foods, Inc.*, 458 F.3d 98, 101 (2d Cir. 2006).

*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001).

Here, Plaintiffs have not obtained the requisite "relief." The Court's Opinion and Order granting partial summary judgment to Plaintiffs reached only the question of liability. (*See* Dkt. No. 21–23.) Accordingly, Plaintiffs have not secured a cognizable form of "relief" on the merits of their claims — not even "an award of nominal damages." *Buckhannon*, 532 U.S. at 604; *cf. Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 102 (2d Cir. 2009) (noting that other forms of "relief" like a "stay or preliminary injunction may permit the district court to confer prevailing-party status on the plaintiff notwithstanding the absence of a final judgment on the underlying claim"). And without any such relief, Plaintiffs have not yet "prevail[ed]." Thus, Rule 54(d) bars an award of costs at this juncture.

The availability of an interim award of attorney's fees, on the other hand, is governed by Nevada law.[3] But it is unclear whether Nevada's anti-SLAPP statute authorizes an interim fee award at all. The Nevada statute provides only that "[t]he person against whom the [prior] action is brought may bring a separate action to recover . . . [a]ttorney's fees and costs of bringing the separate action." Nev. Rev. Stat. § 41.670(1)(c). Fee provisions in other statutes that have been construed to permit an interim award employ the term "prevailing party."[4] Nevada's statute does not.

---

[3] "[W]hen state law provides for the recovery of an attorney's fee as a part of the claim being asserted . . . the federal court should permit an award of a fee on the theory that it is part of the substantive right in issue." 10 Wright et al., Federal Practice & Procedure § 2669, at 263; *accord Cotton v. Slone*, 4 F.3d 176, 180 (2d Cir. 1993) ("Attorney's fees mandated by state statute are available when a federal court sits in diversity.").

[4] *See* 42 U.S.C. § 1988(b) ("prevailing party"); *Hanrahan v. Hampton*, 446 U.S. 754, 758 n.4 (1980) ("The provision for counsel fees in § 1988 was patterned upon the attorney's fees provisions contained in Titles II and VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000a-3(b) and 2000e-5(k), and § 402 of the Voting Rights Act Amendments of 1975, [52] U.S.C. [§]

Despite the uncooperative statutory language, Plaintiffs urge the Court to read the "prevailing party" standard into the Nevada statute.  (Dkt. No. 59 at 3.)  But the Court need not decide whether the Nevada statute incorporates the "prevailing party" standard because, in any event, Plaintiffs do not qualify as a "prevailing party."  Plaintiffs' motion for an interim fee award is therefore denied.

     SO ORDERED.

Dated: January 9, 2020
      New York, New York

                   J. PAUL OETKEN
                  United States District Judge

---

[10310](e). . . . Those provisions have been construed by the Courts of Appeals to permit the award of counsel fees . . . to a party who has prevailed on the merits of a claim."); *see also* 42 U.S.C. § 2000a-3(b) ("prevailing party"); *id.* § 2000e-5(k) ("prevailing party"); 52 U.S.C. § 10310(e) ("prevailing party").